AO 91 (Rev. 11/11) Criminal Complaint

FILED ____ ENTERED
LOGGED ____ RECEIVED

# UNITED STATES DISTRICT COURT
for the
District of Maryland

AUG 1 2 2014

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TAVON ALEXANDER LOUIS HOPKINS | ) | Case No. **14-1806 TJS** |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 11, 2014__ in the county of __Baltimore City__ in the
_____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 846 | Attempted Possession With Intent to Distribute 5 Kilograms or More of Cocaine; Conspiracy to Possess With Intent to Distribute 5 Kilograms or More of Cocaine |

This criminal complaint is based on these facts:
See Attached Affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Eric Nye, S/A FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: __08/12/2014__

_____
Judge's signature

City and state: __Baltimore, Maryland__    Timothy J. Sullivan, U.S. Magistrate Judge
Printed name and title

AFFIDAVIT OF ERIC S. NYE, SPECIAL AGENT
DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION

I, ERIC S. NYE, being duly sworn, do hereby depose and state:

Introduction:

1. Your affiant is a Special Agent for the Department of Justice, Federal Bureau of Investigation (DOJ/FBI). I have been a Special Agent since 2006 and assigned to the Safe Streets Task Force (SSTF) of the Baltimore office of the FBI since 2008.

2. This affidavit is made in support of a complaint against **Tavon Alexander Louis Hopkins**, of 6141 Marlora Road, Baltimore, Maryland, and **Cornell Dion Brown, Jr.**, of 2715 Bayonne Avenue, Baltimore, Maryland charging them with attempted possession with intent to distribute and conspiracy to possess with the intent to distribute, cocaine, in violation of 21 U.S.C. § 846.

Summary of the Investigation:

3. The FBI arrested Cooperating Witness 1 ("CW1") with several kilograms of both heroin and cocaine. CW1 indicated to the FBI his desire to cooperate. CW1 indicated that he had many multi-kilogram buyers in Baltimore to whom he was intending on selling the seized cocaine and heroin. Two of those buyers were identified by CW1 as "Tay" (Tavon Hopkins) and "Nelly" (Cornell Brown). CW1 indicated that Hopkins and Brown were multi-kilogram dealers who he supplied with cocaine.

4. On August 11, 2014, CW1 made multiple consensually recorded calls in which "Nelly" (Cornell Brown) indicated a desire to purchase four kilograms of cocaine and then return later to purchase ten additional kilograms of cocaine. At approximately 12:10 p.m., CW1 asked Brown, "Listen you feel like comin' with Main or not?" Brown replied, "You want come with him?" CW1 replied, "Yeah, just you Nick, Main, and Tay." Your affiant knows through this investigation that CW1 was referring to Jermaine Cannady, Dominick Parker, and Cornell Brown all driving together to purchase their cocaine from CW1.

5. At approximately 1:11 p.m., Brown stated, "I'ma come get four…I'ma come back get ten." CW1 replied, "About thirty minutes top…for four, you sure? Brown replied, "Yeah, four." Brown agreed to meet CW1 with money for four kilograms at the Target Shopping Center at the Mondawmin Mall.

6. At approximately 1:41 p.m., a white pickup truck arrived and parked next to CW1's vehicle. Two males were detained by agents of the FBI and identified as Cornell Brown, Jr., and Tavon Hopkins. CW1 identified Brown as the male he knew as "Nelly" and Tavon Hopkins as the male he knew as "Tay." Inside of their vehicle was a bag containing approximately $157,000 in U.S. currency. Your affiant knows that based on the price quoted by CW1 that this amount of money would be sufficient to purchase four kilograms of cocaine.

7. Subsequent to his arrest, Hopkins (who was the passenger in the vehicle) made statements to agents that he knew it was a set up and that he told Brown that he needed to drive away. Specifically, Hopkins referred to the fact that CW1's vehicle was far from other vehicles, like the police set it up.

Conclusion:

8. Therefore, based on the facts set forth above, your affiant believes there is probable cause that **Tavon Alexander Louis Hopkins**, of 6141 Marlora Road, Baltimore, Maryland, and **Cornell Dion Brown, Jr.**, of 2715 Bayonne Avenue, Baltimore, Maryland attempted, and conspired, to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

ERIC S. NYE, Special Agent
Department of Justice, Federal Bureau of Investigation

**Subscribed and Sworn** to before me and in my presence, this 12th day of August 2014, at Baltimore, Maryland.

Timothy J. Sullivan
United States Magistrate

2