IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | No. RDB-14-389 |
| | * |
| ANTOINE WASHINGTON, et al. | |
|   (Def: CORNELL DION BROWN, JR.) | * |

* * * * * * * * * * * * *

**MOTION FOR DISCLOSURE
PURSUANT TO FED. R. EVID. 404(b) AND 609**

    Comes now the Defendant herein, Cornell Brown, through his counsel, Michael D. Montemarano, Esq., and Michael D. Montemarano, P.A., court-appointed counsel pursuant to the CJA, and in order to allow Mr. Brown the opportunity to file additional appropriate pretrial motions, hereby moves this Court to enter an Order directing, requiring and compelling the prosecution to disclose to the Court and counsel for the accused notice of its intention to use (either in its case-in-chief or in rebuttal) any evidence of crimes, wrongs or acts allegedly committed by Mr. Brown, and/or any indicted or unindicted co-conspirator, or any other information which the prosecution will seek to admit pursuant to F.R.Ev. 404(b) or 609 (hereinafter "404(b) evidence"), providing the requested information with regard to each such item of 404(b) evidence and in support thereof does state as follows:

    1. Mr. Brown requests notice of the Government's intention to introduce into evidence any evidence regarding alleged prior or subsequent other criminal conduct and/or "bad acts" (hereinafter "acts") which is not charged in any iteration of the Indictment herein and/or not alleged as part of any conspiracy charged in any iteration of the Indictment herein:

a) allegedly committed by, involving or concerning Mr. Brown;

b) allegedly committed by, involving or concerning **any** party charged in any iteration of the Indictment herein;

c) allegedly committed by, involving or concerning a co-conspirator(s), regardless of whether said co-conspirator(s) was charged or named in any iteration of the Indictment herein.

2. Mr. Brown requests notice of the prosecution's intention to introduce into evidence, pursuant to F.R.Ev. 404(b) and 609, any evidence regarding any acts:

a) allegedly committed by, involving or concerning Mr. Brown;

b) allegedly committed by, involving or concerning **any** party charged in any iteration of the Indictment herein;

c) allegedly committed by, involving or concerning a co-conspirator(s), regardless of whether said co-conspirator(s) was charged or named in any iteration of the Indictment herein..

3. Pretrial notice of the prosecution's intention in regard to each of the requested areas set forth in Paragraphs 1 and 2, *supra,* is necessary to enable this Mr. Brown to consider the potential for prejudice to his case and to respond thereto.  Per the guidance of the Supreme Court, *see Huddleston v. United States,* 485 U.S. 681 (1988), for each such item of evidence such notice must include:

a) the nature of this evidence;

b) the pertinent witnesses;

c) any supporting documentation; and

d) the legal theory of admissibility to be relied upon by the prosecution.

This procedure is required to enable Mr. Brown to file appropriate pretrial motions and motions *in*

*limine,* and to allow this Court to make a considered pretrial determination of the admissibility of any such evidence proffered by the prosecution. In addition, such pretrial notice will provide the defense an opportunity to challenge the evidence on its merits and/or to discuss with the prosecution the possibility of stipulating to such evidence. Moreover, such notice is required as a threshold matter before this Court can even consider the admissibility of such evidence.

     4. The defense further requests that this Court undertake, as required by noted Supreme Court precedent, a pretrial balancing test under F.R.Ev. 403, regarding the admissibility of such evidence under the terms of F.R.Ev. 404(b).

     5. The defense further submits that this Motion is required, notwithstanding the terms of the standard discovery agreement as proffered by the government and signed by the defense in this matter, in order to adequately preserve the record herein and to clarify the defense's expectations relative to this issue, in light of the government's consistent pattern in other matters of denying the very obligations regarding F.R.Ev. 404(b), as this has been set out with detail and specificity by the Supreme Court.

     6. The defense invites the Court's attention to the attached Memorandum of Law in support of this Motion.

     WHEREFORE, for the foregoing reasons, Defendant, Cornell Brown, respectfully requests this Honorable Court to direct, require and compel the prosecution to disclose to the Court and the defense notice of its intention to use (either in its case-in-chief or in rebuttal) any evidence of crimes, wrongs, or acts allegedly committed by Mr. Brown, and/or any indicted or unindicted co-conspirator, or any other information which the prosecution will seek to admit pursuant to F.R.Ev. 404(b) or 609.

                                          Respectfully submitted,

November 6, 2014                           /s/
                                          MICHAEL D. MONTEMARANO

                                        Michael D. Montemarano, P.A.
                                        10630 Little Patuxent Parkway
                                        Suite 146
                                        Columbia, Maryland  21044
                                        (410) 992-0067/Fax 992-6915
                                        Counsel of Record/CJA Counsel
                                             For Defendant Cornell Brown

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on or before this 6th day of November, 2014, a copy of the foregoing

(1)  *Motion for Disclosure Pursuant to Fed. Ev. 404(b) and 609;*

was filed via CM/ECF, and served as well via direct email, on Christopher Romano, Esq., Assistant United States Attorney, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, MD 21201, and to all defense counsel.

                                                            /s/
                                                MICHAEL D. MONTEMARANO