IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *     No. RDB-14-389 |
| | * |
| ANTOINE WASHINGTON, et al. | |
|   (Def: CORNELL DION BROWN, JR.) | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR DISCLOSURE OF STATEMENTS
OF CODEFENDANTS AND CO-CONSPIRATORS
INTENDED TO BE USED
PURSUANT TO F.R.EV. 801 (d)(2)(E)**

Comes now the Defendant herein, Cornell Brown, through his counsel, Michael D. Montemarano, Esq., and Michael D. Montemarano, P.A., court-appointed counsel pursuant to the CJA, and hereby moves this Court to compel the prosecution to identify, disclose and produce to Mr. Brown the statements of any Codefendant or co-conspirator that the prosecution intends to offer against Mr. Brown or any Codefendant under F.R.Ev. 801(d)(2)(E), and further to provide notice of the evidentiary basis upon which it will seek to introduce such statements, including, but not limited to:

    1.      Relevant written or recorded statements made by any Codefendant, or any person arguably characterizable as a "co-conspirator," whether or not actually indicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

    2.      The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any Codefendant or "co-conspirator," indicted or unindicted, before or after arrest, in response to interrogation by any person known to the

declarant to be a government or law enforcement agent.

## Lack of a demonstrated basis for admission

It seems at least possible from the materials provided thus far in discovery, that the prosecution will seek to introduce statements of one or more of the Codefendants and/or co-conspirators, through the testimony of co-conspirators, informants or government agents, which will implicate non-testifying co-conspirators and, in particular, this Defendant.

The evidentiary basis upon which the prosecution will seek to admit these statements is significant. For instance, an admission by one Codefendant which implicates Mr. Brown may not be within the scope of or in furtherance of the alleged conspiracy, having been made simply as a casual aside during conversation which had nothing to do with the conspiracy charged in the Indictment. This is all the more the case when the defendants bear a close personal relationship. Such a statement may be admissible pursuant to F.R.Ev. 801 (d)(2)(A), but not pursuant to F.R.Ev. 801 (d)(2)(E). An attempt to introduce, pursuant to F.R.Ev. 801 (d)(2)(A), such an admission or confession or other statement by one defendant that inculpates this Defendant would be inadmissible against him, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968).

On the other hand, statements that are not admissions or confessions which the prosecution may seek to introduce pursuant to F.R.Ev. 801 (d)(2)(E) require their own factual predicate prior to admission, and the government bears the burden of demonstrating such admissibility. *United States v. Gjerde*, 110 F.3d 595, 602-03 (8th Cir. 1997). Not all statements made within the time period of an alleged conspiracy by an alleged co-conspirator, which may make mention of facts or observations ostensibly related to the conspiracy are in furtherance of

or within the scope of the conspiracy. *United States v. Mitchell,* 31 F.3d 628 631-33 (8th Cir. 1997). *United States v. Urbanik*, 801 F.2d 692, 698 (4th Cir. 1968); *accord United States v. Heater*, 63 F.3d 311, 324-25 (4h Cir. 1995).

      Requiring the government to put the Defendants on notice as to the basis of admissibility of any such statements will prevent the necessity for hearings during trial on such issues, will permit the Court to structure appropriate limiting instructions, grant a severance if necessary, and will also permit the court to make preliminary determinations pursuant to F.R.Ev. 104(a), as mandated by *United States v. Bourjaily*, 483 U.S. 171, 175-76 (1987).

      WHEREFORE, for the foregoing reasons, Defendant, Cornell Brown, respectfully requests this Honorable Court to require the prosecution to disclose and produce to defense counsel the statements of any Codefendant or "co-conspirator" that the prosecution intends to offer against Mr. Brown or any Codefendant, and further to provide notice of the evidentiary basis upon which it will seek to introduce such statements.

      Respectfully submitted,

November 6, 2014                         /s/
                                               MICHAEL D. MONTEMARANO

                                               Michael D. Montemarano, P.A.
                                               10630 Little Patuxent Parkway
                                               Suite 146
                                               Columbia, Maryland  21044
                                               (410) 992-0067/Fax 992-6915
                                               Counsel of Record/CJA Counsel
                                                   For Defendant Cornell Brown

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on or before this 6th day of November, 2014, a copy of the foregoing

      (1) *Motion for Disclosure of Statements of Codefendants and Co-Conspirators Intended to be Used Pursuant to F.R.Ev. 801 (d)(2)(E);*

was filed with the Clerk and served via CM/ECF on Christopher Romano, Esq., Assistant United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, MD 21201, and on all defense counsel.

                                    /s/
                            MICHAEL D. MONTEMARANO

**MEMORANDUM OF POINTS AND AUTHORITIES**

      1.     Under Fed. R. Evid. 801(d)(2)E), co-conspirator statements are deemed statements of the defendant and admissible against the defendant. Accordingly, such co-conspirator statements are discoverable under Fed. R. Crim. P. 16(a)(1)(A). *United States v. Thevis*, 84 F.R.D. 47, 55-57 (N.D. Ga. 1979); *United States v. Williams,* 113 F.R.D. 177 (M.D. Fla. 1986). *Accord United States v. Williams,* 792 F. Supp 1120 (S.D. Ind. 1992); *United States v. Madeoy*, 652 F. Supp 371 (D.D.C. 1987); *see also Anderson v. United States*, 417 U.S. 211 (1974)

      2.     "A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. . . .  In our adversarial system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access

to a storehouse of relevant fact." *Dennis v. United States*, 384 U.S. 855, 873 (1966). *See also United States v. Mays,* 460 F.Supp. 573, 581 (E.D. Tex. 1978); *United States v. Agnello*, 367 F.Supp. 444, 448 (E.D.N.Y. 1973); *United States v. Balistrieri,* 346 F.Supp. 336, 338 (E.D. Wis. 1972).