IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *     No. RDB-14-389 |
| ANTOINE WASHINGTON, et al. | * |
| (Def: CORNELL DION BROWN, JR.) | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO EXCLUDE EVIDENCE
## NOT DISCLOSED PURSUANT TO THE
## TERMS OF THE DISCOVERY AGREEMENT

Comes now the Defendant herein, Cornell Brown, through his counsel, Michael

D. Montemarano, Esq., and Michael D. Montemarano, P.A., court-appointed counsel pursuant to

the CJA, and in order to allow Defendant the opportunity to file appropriate pretrial motions, to

prepare for trial, and to effectively and efficiently utilize CJA funds allocated for counsel, as

well as those funds to be utilized for other providers of services to assist counsel, hereby moves

this Court to enter an Order directing, requiring and compelling the prosecution to provide

discovery in accord with the terms of the discovery agreement in this matter, without further

request by the defense or directive by the Court, and furthermore to exclude from use at motions

or trial any material which the Court finds have not been provided by the government in accord

with the terms of the agreement, and in support thereof does state:

A discovery agreement was concluded between the parties, jointly and severally,

in September 2014, in advance of the provision of discovery in this matter.  Said letter contained

the specific conditions "on which the Government is willing to make discovery in this case."

While considerable discovery has been provided, the USAO routinely fails to abide by the

conditions which it has set, in particular failing to meet the requirements of F.R.Ev. 404(b)

regarding other crimes, etc., evidence,[1] and of F.R.Cr.P. 16 (a)(1)(G) with regard to expert witness notice and materials, as well as in failing to provide complete and timely *Jencks.*

Repeated failures by the USAO to meet these requirements has occasioned expenditures of time and funds which simply cannot be justified, especially when it is noted that meaningful sanctions have yet to be imposed in this District for such repeated failures.  By contrast, the Court has taken a dim view of the few breaches by the defense of the agreement, usually concerning the provision of any discovery-related materials to incarcerated defendants.

The government seldom, if ever, identifies experts except shortly before trial, and not in their submission of purported Rule 16 material to the defense, a submission which the government acknowledges is due to the defense per the discovery agreement.  This is in direct contravention of the rationale underlying the Rule, which exists to "'minimize the surprise that often results from unexpected expert testimony and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'"  Committee Notes to Rule 16.  To give but one example, the government routinely utilizes DEA SA Douglas Ellington as an expert witness in drug cases, but, notwithstanding never identifies him as an expert with their Rule 16 submission, and offers no outline of his testimony per the terms of the Rule, except in the most general and non-specific terms.  Furthermore, the government actually has represented to the Court that it does not have complete information about his prior instances of testimony, and repeatedly does not provide transcripts of his prior testimony.  This sort of conduct should not be countenanced.

---

[1]  This is addressed in detail in the defense Rule 404(b) motion and memorandum filed contemporaneously herewith.

Leaving aside an extended discussion of issues of due process, equal protection and fundamental fairness implicated in the tortured history of the discovery agreement and its enforcement in this District, it cannot but be understood that the defense is greatly delimited by the agreement in what it is able to do on the one hand, and equally if not more limited by the strictures imposed by the CJA, which have become all the more apparent in the current fiscal climate.  In light of the agreement between the parties which the government insists upon,[2] this Court necessarily should be impelled carefully to review governmental failures to provide materials in a timely fashion, especially when the defense is in any way impaired by said failures, and to impose appropriate sanctions, to and including the exclusion of evidence when .

WHEREFORE, for the foregoing reasons, Defendant, Cornell Brown, respectfully requests this Honorable Court to direct, require and compel the prosecution to disclose to the Court and the defense notice of its intention to use (either in its case-in-chief or in rebuttal) any evidence which arguably may be subject to a defense motion to suppress pursuant to Fed. R. Crim. P. 12.

Respectfully submitted,


November 6, 2014                                _____/s/_____
                                               MICHAEL D. MONTEMARANO

---

[2]  In counsel's experience, the USAO policy is to not provide discovery absent a signed discovery agreement, even when formal Rule 16 and similar motions are filed by the defense, which compel a response within a particular time frame.

Michael D. Montemarano, P.A.
10630 Little Patuxent Parkway
Suite 146
Columbia, Maryland  21044
(410) 992-0067/Fax 992-6915
Counsel of Record/CJA Counsel
    For Defendant Cornell Brown

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on or before this 6th day of November, 2014, a copy of the

foregoing

(1) *Motion to Exclude Evidence Not Disclosed Pursuant to the Terms of the Discovery*

*Agreement;*

was filed with the Clerk and served via CM/ECF  on Christopher Romano, Esq., Assistant

United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, MD 21201, and on all

defense counsel.


_____/s/_____
MICHAEL D. MONTEMARANO

4