IN THE UNITED STATES DISTRICT
                   COURT FOR THE DISTRICT OF MARYLAND
                              (BALTIMORE)

**UNITED STATES OF AMERICA**          *

     v.                            * Crim. No.: RDB – 14 – 0389

**RONALD TIMOTHY SAMPSON**            *

  *  *  *  *  *  *  *  *  *  *  *  *

### MOTION TO COMPEL DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS AND COOPERATING WITNESSES

Defendant Ronald Sampson, through undersigned counsel, pursuant to Fed.R.Crim.P. 12(d)2 and 16, respectfully requests that this Honorable Court issue an order compelling the government to make a prompt and full disclosure regarding the identity and background information of government witnesses who may be considered informants or cooperating individuals. In support of his request, the defendant states the following.

#### FACTS

1. The FBI arrested a cooperating witness (hereinafter "CW") while he was in possession of several kilograms of both heroin and cocaine. The CW, following his arrest, indicated that he had many multi-kilogram buyers in Baltimore to whom he was intending to sell the seized drugs. One of the alleged buyers was Ronald Sampson.

2. On August 11, 2014, the CW allegedly made recorded calls with Sampson who is said to have indicated his desire to purchase one kilograms each of heroin and cocaine. The CW allegedly indicated that he would sell the heroin for $75,000 and the cocaine for $38,000.  It is further alleged that Sampson told the CW that he would contact his buyers to get money to give to the CW.

3. At approximately 4:29 p.m. on the same day, Sampson arrived at the Ross parking lot, parked his car, and walked over to the Target parking lot.  Once Sampson approached the CW's car, he was placed under arrest.  A search of his person and his car allegedly resulted in the recovery of $10,500.00.

4. On August 21, 2014 the grand jury returned a multi-count indictment against nine individuals, including Sampson. Mr. Sampson is named in two counts.  Count One charges him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and heroin from in or about November 2013 through in or about August 2014.  In regard to Mr. Sampson, the indictment states, "the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(i).  Count Eight of the indictment charges the Attempt Possession with

Intent to distribute Cocaine and Heroin on August 11, 2014, based on the facts as alleged in paragraphs 1 through 3, *supra.*

ARGUMENT

    5. The government has zealously guarded information that permits the identification of any of the individuals who have provided information to the government and who were involved in alleged controlled buys with Sampson.  These individuals are likely to have been intimately involved in the illegal events that are the subject of the indictment. As such, they clearly have first hand information regarding the charged events. As a result, information concerning the identity of these individuals and what benefits they might receive in exchange for their testimony is vital to the preparation of a defense in this matter. Further, it is essential that this information be provided at the earliest possible time.

    6. Although required to release records of any benefits or promises made to these confidential informants, it is counsel's experience that investigating agents sometimes fail to advise government trial counsel of records of payments made to or on behalf of cooperating criminals or their family members. As a result, even the most scrupulous government trial counsel may inadvertently fail to provide critical evidence to the defense, simply because he is unaware of it. This request is made with the hope and expectation that government counsel will question

the investigating agents regarding the items sought and provide them pursuant to the discovery agreement. Such information bears directly on the question of the credibility of these individuals and is absolutely essential to the defense of this case. However, the request for disclosure is not limited to cash remuneration.

7. This request should be understood as including a demand for production of the investigating agency's internal informant file. The undersigned understands that in the course of business, the investigating agency and other law enforcement agencies typically maintain an informant file on each confidential informant employed by the agency. That file contains an assortment of information that is discoverable under Brady and its progeny. More specifically, that file should contain a copy of the informant's agreement to cooperate; a debriefing report or outline of the information that the informant can provide; the informant's personal and criminal history; the amounts of any money paid to him for information and expenses; and an promises regarding potential sentencing in a criminal case.

8. The defendant believes that production of this information is clearly mandated by the holdings in *United States v. Giglio*, 92 S.Ct 763 (1972); *Brady v. Maryland,* 373 US 83 (1963), and *Napue v. Illinois*, 79 S.Ct 1173 (1959). Additionally, the disclosure of the identify of informants who are involved in

the incidents that are the subject of indicted events, or "intrinsic" events that have occurred during the conspiracy, are separately required under *Roviaro v. United States*, 77 S.Ct. 623 (1957).

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this Honorable Court order immediate production of the information sought herein.

                                      Respectfully submitted,

                                      /s/_____
                                      Christopher M. Davis #385582
                                      Counsel for Ronald Sampson

                                      Davis & Davis
                                      1350 Connecticut Avenue, NW
                                      Suite 202
                                      Washington, DC 20036
                                      202.234.7300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of record via the Court's CM/ECF System on this 17th day of November 2014.

                                      /s/_____
                                      Christopher M. Davis