UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Criminal No. RDB-14-0389 |
| ANTOINE WASHINGTON, et al. | : | |
| Defendants | : | |

**DEFENDANT GUY AGNANT'S MOTION FOR DISCLOSURE OF CODEFENDANTS'
OUT OF COURT STATEMENTS THE GOVERNMENT INTENDS TO USE AS
EVIDENCE AND FOR DISCLOSURE OF ALL RULE 404(b) THE GOVERNMENT
INTENDS TO USE AS EVIDENCE IN A JOINT TRIAL**

Defendant Guy Bordes Agnant, Jr. (hereinafter "Mr. Agnant"), by and through his
attorney Richard C. B. Woods of The Woods Law Group, P. A., hereby respectfully moves this
Honorable Court for an Order requiring the Government to disclose all out-of-court statements
made by Mr. Agnant's co-defendants that the Government intends to use as evidence at a joint
trial of Mr. Agnant and his eight co-defendants pursuant to Federal Rule of Evidence
801(d)(2)(E) and for an Order requiring the Government to disclose all of the Federal Rule of
Evidence 404(b) material it intends to use at said joint trial, and as reasons therefore states:

1. On August 6, 2014, Michael Barrett was arrested by the FBI Safe Streets Task Force in
   Aberdeen, Maryland and found to be in possession of several kilograms of both heroin
   and cocaine.  Michael Barrett immediately agreed to act as an agent for the Government.
   Michael Barrett made a consensually monitored telephone call to Jermaine Cannady on
   August 6, 2014.  On August 11, 2014, in separate consensually monitored telephone
   calls, Michael Barrett contacted several separate individuals whom Michael Barrett
   alleged were potential customers for illegal drugs.  In separate recorded telephone calls,

Michael Barrett is alleged to have used coded language to speak with a number of the defendants one at a time about meeting with Michael Barrett to take delivery of illegal drugs.    Some of the recorded calls appear to have more evidentiary value to the Government's case than other calls.   In each call or series of calls, Michael Barrett designated a place for the defendants to meet with him on August 11, 2014.  Some of Mr. Agnant's co-defendants arrived at the meeting location designated by Michael Barrett alone (Mr. Agnant, Ronald Sampson and Donte Taylor).   Some of Mr. Agnant's co-defendants arrived at the meeting location designated by Michael Barrett together or were arrested together at another location on August 11, 2014 (Antoine Washington with Vincent Cooper, Jermaine Cannady with Dominic Parker, and Cornell Brown, Jr. with Tavon Hopkins.)  All the Defendants were arrested on August 11, 2014.

2.  Mr. Agnant is charged in Count One of the indictment in this case with conspiring with Michael Barrett, Antoine Washington, Jermaine Cannady, Cornell Brown, Jr., Dominic Parker, Vincent Cooper, Ronald Sampson, Donte Taylor, Tavon Hopkins and others known and unknown to distribute and possess with the intention to distribute 1 kilogram or more of heroin and 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1).   Mr. Agnant is Charged in Count Four of the indictment in this case with attempted possession of 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A).

3.  Mr. Agnant has filed a motion for severance of his trial from those of his co-defendants pursuant to Federal Rule of Criminal Procedure 14 (a).   In that motion, Mr. Agnant argues there is insufficient evidence to prove he had any participation in or knowledge of

Michael Barrett's illegal drug dealings with any other individual or individuals and that the recorded statements of his co-defendants cannot be admitted against him under Federal Rule of Evidence 801(d)(2)(E).   In determining whether the Government has evidence sufficient to prove by a preponderance of the evidence that Mr. Agnant was a member of the charged larger conspiracy, this Honorable Court must consider the co-defendant's statements the Government intends to use as evidence.   *See Bourjaily v. United States*, 483 U.S. 171 (1987).   The authority to do so is found in Federal Rule of Criminal Procedure 14 (b).   Pursuant to Federal Rule of Evidence 801(d)(2)(E), although the contents of the statements themselves alone are not sufficient to establish the existence the larger conspiracy, the contents must be considered.   To prepare for the hearing requested pursuant to Federal Rule of Criminal Procedure 14 (a), Mr. Agnant must know the statements of his co-defendants the government intends to use as evidence.

4.  Also as part of his motion to sever, Mr. Agnant asked for the disclosure of all Federal Rule of Evidence 404(b) material related to one or more of Mr. Agnant's co-defendants that the Government intended to use at a joint trial.   The reasons for this requested disclosure are: (a) the prejudicial impact of such evidence upon Mr. Agnant could be great and could not be prevented by limiting instructions, *see United States v. LaFrance*, 1992 U.S. App. LEXIS 13615 (4th Cir. 1992), and (b) prior to the admission of Rule 404(b) evidence the Court is required to engage in the balancing procedure established in *Huddleston v. United States*, 485 U.S. 681 (1988) and determine that the evidence is material, admissible and that its probative value outweighs potential prejudice to Mr.

Agnant.  Those determinations cannot be made in a factual vacuum.  If the Court and Mr. Agnant do not know the evidence involving his co-defendants the Government intends to introduce under Rule 404(b), neither the Court nor Mr. Agnant can intelligently address the need for severance because of this evidence.  To consider the extent of the potential prejudice against Mr. Agnant, the Government must be required to produce all such Rule 404(b) evidence related to any of Mr. Agnant's co-defendants so that this Court can consider the need for severance.

WHEREFORE, Mr. Agnant requests that this Honorable Court to:

A.  Order the Government to disclose and identify any out-of-court statements by any of Mr. Agnant's co-defendants the Government intends to use as evidence, AND

B.  Order the Government to disclose all Rule 404(b) evidence involving any of Mr. Agnant's co-defendants the Government intends to use as evidence in a joint trial.

Respectfully submitted,

_____/s/ _____
Richard C. B. Woods #01128
The Woods Law Group, P. A.
10 South Street, Suite 400
Baltimore, Maryland 21202
Phone: (410) 385-0111
Facsimile: (410) 385-0030
rwoods@kaminkow-woods.com

4

## REQUEST FOR HEARING

Mr. Agnant, in accordance with Local Rule 105.6 of the United States District Court for the District of Maryland, requests a hearing on the foregoing Motion.

_____/s/_____
Richard C.B. Woods

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 17th day of November, 2014, the foregoing Defendant Guy Agnant's Motion was filed via ECF.

_____/s/_____
Richard C. B. Woods #01128