In The United States District Court
for the District of Maryland

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED
FEB 0 4 2015
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

United States of America        *

VS.                             *          Case No# RDB-14-0389

Cornell Brown                   *

*   *   *   *   *   *   *   *   *

The Defence Motion for Discovery
And Disclosure of Exculpatory
And Impeachment Materials

    Comes now the Defendant, Cornell Brown, pro se, and pursuant to Jencks Act (18 U.S.C. Sec. 3500) and Federal Rules of Criminal Procedures, Rule 26.2, request discovery and disclosure of relevant exculpatory and impeachment materials and in support there does request the following:

    The Defendant request that the prosecution immediatly provide the defense with any favorable information, or evidence which is "Material to guilt or punishment" Brady vs. Maryland, 373 U.S. 83; Kyles vs. Whitley, 514 US 419 (1995), or with respect to each government Witness, any information or evidence which detracts from

their credibility of the probative value of their testimony under Brady vs. MD. and United States vs. Giglio, 405-U.S. 150 (1972) including the following:

(A) Any inconsistent statements of the witness, whether written by the witness, adopted by the witness, or made orally by the witness

(B) Any record of felony convictions or convictions under Federal Rules of Evidence, Rule 609 (a)(2) involving dishonesty or false statements

(C) Any instance where the witness committed perjury, lied under oath (whether during court testimony or a deposition or in a sworn document) lied in connection with any criminal case, or civil lawsuit, or committed any other falsehood which might be admissible under F.R.E. 608 (b)

(D) (1) Any formal or informal promises to reward the witness or other person for the witness's testimony, or cooperation in this or other cases (including any immunity of plea agreement, promises to forgo prosecution or prosecute on lessor charges, favorable sentencing recommendations or other recommendations or promise): (2) all information and documentary evidence concerning monies or anything

else of tangible value provided the Witness or other person by the goverment or law enforcement officers in exchange for the Witness Cooperation in this case or other cases; (3) any threats to the Witness to take adverse action against the Witness or other person if the Witness did not Cooperated in this or other cases.

(E) During the investigation or prosecution of this case or any other investigation or criminal case in which the Witness has acted as an informant or Cooperated with federal or local law enforcement or prosecution authorities any instance where the Witness lied, failed to disclose a Material Matter, refused or failed to follow instruction by a law enforcement officer or Prosecutor, Committed any crime, or Otherwise Violated the terms of any formal or informal Cooperation agreement.

(F) At the time of the Witnesses involvement in this case (Wheather at the investigation, pretrial or trial stage) Wheather the Witness was/is serving a sentence of imprisonment, probation, or parole or supervised release, or otherwise subject to any portion of a Criminal Sentence.

(G) At the time any informant or cooperator agreed to cooperate in this case, or there-after, Whether the Witness was the target of a Criminal investigation or had pending any criminal prosecution requardless of the outcome.

(H) 1. Any history of substance abuse on the part of the Witness, and if so, the nature of the abused Substance, (alcohol, or prescription drug, ect.) When the Substance was abused, and any instance in Which the Witness was treated for Substance abuse; (2) Whether or not the Witness has undergone psychiatric treatment, and if so, the nature of any Mental illness, the thein period during Which said treatment was Provided, and any medication prescribed for Mental illness to the Witness

(I) The Defense requests the Federal Law Enforcement Agency's Rules and Regulations for Conducting Reverse Drug Sting Operations, for the purpose of impeachment of Witnessa any any Material Which tends to set the Standards or policies that govern the Conduct of law Enforcement during such Reverse Drug Sting Operation, any material Which tends to determine What targets to pursue in a Reverse Drug Sting Operation.

If after discovery of any information or evidence, you feel you do not have to turn it over to the defense. I request that said information or evidence be disclosed to the court for purposes of an in camera hearing to determine whether or not such information should be in fact be disclosed. See eg., Hemric v. Bailey, 386 F. 2d 390 (4th cir. 1967); United States v. Lloyd, 992 F. 2d 348 (DC cir 1993). Thank you for your prompt attention to this matter and I look forward to your response.

Certificate of Service

I hereby certify that on the ~~february 1,~~ day of february 1, 2015 a copy of the foregoing:

The Defense Motion for Discovery and Disclosure of Exculpatory and Impeachment Materials

Was mailed postage prepaid to the United States Attorney's office 36 S. Charles St. 4th floor Baltimore, MD. 21201

Respectfully Submitted
Cornell Brown #2263176
401 E. Madison Street
Baltimore, MD. 21202

Wherefore the Defendant request notice of any prior similar acts. The Defendant further request that He be present for all such hearings on this Motion.

Certificate of Service

Defense Motion Requesting Notice of Prior Similar Acts of the Defendant

Was mailed postage prepaid to the United States Attorney's office 36 South Charles Street 4th floor Baltimore, MD. 21201.

Respectfully Submitted
Cornell Brown #2263176
401 E. Madison Street
Baltimore, MD. 21202

Cornell Brown #2263716
401 E Maddison St.
Baltimore, MD. 21202

Clrek of court - Criminal
101 W. Lombard Street
Baltimore, MD. 21201

BALTIMORE MD 212
02 FEB 2015 PM 10 L

FOREVER
USA
Bank Swallow